SMITH, Justice.
This is an appeal from a decree of the Chancery Court of Jackson County sustaining general demurrers to bills filed by appellants which sought to have declared usurious and forfeited all interest on a promissory note, payable in monthly installments to Jack C. Wood and his wife, Ira Mae Wood, evidencing the unpaid balance of purchase money due for certain real estate, and to enjoin foreclosure of the trust deed securing the note. Copies of the note and trust deed are attached to the bill.
The debt originated when W. H. Fayard and his wife, Mrs. Doris H. Fayard, executed the purchase money note and deed of trust on May 10, 1963. Later, Mrs. Doris H. Fayard conveyed her undivided one-half interest in the real estate to appellants, A. *774 C. Fayard and Helen H. Fayard. Meanwhile, the Woods, payees in the note, assigned their interest in the note and trust deed to Mrs. Marie W. Paris. The present suit originated when A. C. Fayard and Helen Fayard filed their bill seeking an injunction to restrain foreclosure of the trust deed, for a judgment for recovery of allegedly usurious interest paid, and for reformation of the note and trust deed “according to the usury statutes.”
The note in question provides:
We * * * promises to pay unto JACK C. WOOD and wife, IRA MAE WOOD, * * * the sum of TWENTY THOUSAND AND NO/lOO Dollars bearing interest at the rate of six (6%) per cent per annum after date, the principal and interest being due and payable in 120 monthly installments, the first 119 installments being in the amount of $266.66 each and the 120th installment in the amount of $266.74.
Appellants rely upon Mississippi Code 1942 Annotated section 36 (Supp.1971) and section 37 (1956). As computed by them, the actual interest yield on the debt evidenced by the note approximates ten percent per annum and therefore violates section 36 and 37 above.
On the other hand, appellees contend that the interest charged is expressly authorized by section 5590 Mississippi Code 1942 Annotated (Supp.1971), as amended by Mississippi Laws of 1958, Chapter 169.
Section 5590, supra, as amended, permits parties to contract for six percent interest per annum on “money in this state, to be paid back in monthly or weekly installments, * * * for the entire period of the loan, and aggregate the principal and interest for the entire period of the loan, and divide the same into monthly or weekly installments, and may take security therefor by mortgage, deed of trust, or title, with waiver of exemption, upon and to real estate or personal property, or both.” (Emphasis added).
Mississippi Code 1942 Annotated section 36 (Supp.1971) is an ancient statute, first appearing in Hutchinson’s Code 1848 as Chapter 47, Article 6 section 2 and section 3.- Mississippi Code 1942 Annotated section 37 (1956) appears in Hemingway’s Code 1917 at section 2076. Mississippi Code 1942 Annotated section 5590 (Supp.1971) first appears in Hemingway’s Code 1917 as section 5531, and was amended by the Legislature in 1958, but only to increase the permissible rate of interest from five to six percent.
Since section 36, supra, has been in effect since 1848, it must be assumed that the Legislature, in enacting section 5590, supra, had in mind something other than a mere repetition of what already was clearly stated in section 36. Section 36 is a general statute, while section 5590, supra, deals specifically with loans of the character of the one here under consideration. The period of the loan was ten years or one hundred twenty months, and the amounts of the monthly installments of principal and interest were computed by taking six percent per annum of the $20,000 principal for the “entire period of the loan,” and by aggregating the principal ($20,000) with the interest ($12,000) for the entire period of the loan (ten years) and dividing the resulting sum into the one hundred twenty monthly installments. This is what was done in the present case and clearly is within the contemplation of section 5590.
Moreover, section 5590, supra, is followed by a companion statute, section 5591 Mississippi Code 1942 Annotated (1956), which deals further with the same subject matter. Section 5591, supra, begins: “In any such loan contract as authorized in last preceding section * * * ” and, after dealing with certain contingencies relating to such loans, concludes: “Any such loan contract, and all the provisions thereof, shall be valid for the amount of the principal and interest charge, and such contracts shall not be held usurious.”
*775 The action of the chancellor in sustaining the demurrers to both the original and cross-bills was correct and the decree appealed from must be affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.